NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERMAINE L. BRYANT,  :
 : Civil Action No. 13-1857 (JLL)
 :
  Plaintiff, :
 :
  v. : **OPINION**
 :
MR. G. LANIGAN, et al., :
 :
  Defendants. :

**APPEARANCES:**

  JERMAINE L. BRYANT, Plaintiff pro se
  #259250/949312B
  New Jersey State Prison
  P.O. Box 861
  Trenton, New Jersey 08625

**LINARES**, District Judge

Plaintiff, Jermaine L. Bryant, a state inmate confined at the New Jersey State Prison in Trenton, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I. BACKGROUND

Plaintiff, Jermaine L. Bryant ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendants, Mr. G. Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"); Charles E. Warren, Administrator of the New Jersey State Prison ("NJSP"); George Hanuschik, Regional Supervisor Food Service Department; and Nurse Blessing. (Complaint, Caption, ¶ 4b.) The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on December 11, 2012, he was in the NJSP mess hall and went to obtain tea from a brown juice container. The liquid shot out of the container and burned Plaintiff on his right hand. An officer escorted Plaintiff to medical for treatment at that time. (Compl., ¶ 6.)

2

At medical, Nurse Blessing found nothing wrong with Plaintiff's hand, stating it was a sunburn or minor burn, and did not treat his injury. She also did not place Plaintiff on a call back list for treatment. The next day, Plaintiff's hand had swollen and was painful. Assistant Superintendent Barnes issued Plaintiff an emergency medical pass and Plaintiff was taken for treatment. Plaintiff received an antibiotic cream and Ibuprofen/800mg for pain. Plaintiff complains that he has discoloration and problems closing his hand now. (Compl., ¶ 6.)

Plaintiff seeks more than $25,000.00 in monetary compensation for his injuries. (Compl., ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte*

3

screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d

4

at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

5

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

IV. <u>DISCUSSION</u>

A. <u>Negligence Claim</u>

Plaintiff expressly alleges that Defendants Lanigan, Warren and Hanuschik, were negligent in allowing a defective juice container filled with hot tea to cause injuries to his right hand. (Compl., ¶ 6a.) The Complaint does not allege any constitutional wrongs stemming from Plaintiff's accident.

The Supreme Court has held that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). "[M]erely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent". *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *Lewis*, 523 U.S. at 849). Indeed, the Supreme Court has long held that prison authorities' mere negligence in and of itself does not violate a prisoner's constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir. 2001). The United States Constitution is not a "font of tort law." *Lewis*, 523 U.S. at 847 n. 8, 848 (The

6

Constitution does not guarantee due care on the part of government officials.); *Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009).  In a due process challenge, the threshold question is whether the behavior of the government officer "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Lewis*, 523 U.S. at 847 n. 8; *see Daniels*, 474 U.S. at 330 (claim arising out of a fall from pillow left on prison stairs is a claim of negligence, not actionable under the Due Process Clause of the Fourteenth Amendment); *Sanford v. Stiles*, 456 F.3d 298, 305 (3d Cir.2006). *See also Robinson v. Temple Univ. Health Svcs.*, No. 12-2724, 2012 WL 6183603 at *2 (3d Cir. Dec. 12, 2012) (unpubl.) (allegations of negligence do not support a section 1983 claim).

When judged against this higher standard, the facts alleged here do not rise to such a level of indifference as to constitute gross negligence.  Plaintiff does not allege that Defendants knew or were made aware that the juice container was defective before Plaintiff's accident.  At most, Plaintiff's allegations, if true, demonstrate only simple negligence.  Accordingly, Plaintiff's claim will be dismissed with prejudice, in its entirety as against Defendants Lanigan, Warren and Hanuschik, for failure to state a cognizable claim under § 1983.

Even if Plaintiff's claim was construed as a state-law based negligence action against these Defendants, his claim would nonetheless be dismissed for lack of diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). In this regard, a plaintiff relying on diversity of citizenship as the asserted basis for federal jurisdiction "'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" *Gay v. Unipack, Inc.*, Civil No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted). Thus, the Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity—*i.e.*, where the plaintiff and any defendant are citizens of the same state. *Schneller*, 387 F. App'x at 292 (affirming district court' determination that it lacked diversity jurisdiction where plaintiff and eleven defendants were citizens of the same state).

Here, Plaintiff fails to assert complete diversity among the named Defendants -- he does not specify the domicile of each

defendant. He also does not assert an amount in controversy over $75,000, as required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Rather, Plaintiff claims only $25,360.00 in damages. Therefore, the Complaint will be dismissed without prejudice as against all Defendants for failure to assert facts necessary to establish diversity jurisdiction at this time. The dismissal of negligence claims is without prejudice to Plaintiff's right to refile his negligence claims, if any, in a court of competent jurisdiction, *i.e.*, the Superior Court of New Jersey, if he complies with the New Jersey Tort Claims Act requirements.

B.  Denial of Medical Care Claim

Next, Plaintiff alleges that Nurse Blessing denied him medical care for his burned right hand. It is well-established that in order for a prisoner to establish a constitutional violation on the basis of being provided inadequate medical care, he must demonstrate: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. [citation omitted]. A

medical need is also serious where the denial of treatment would result in the 'unnecessary and wanton infliction of pain,' [citation omitted], or 'a life-long handicap or permanent loss.'" *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003).

A prison official displays deliberate indifference when he (1) knows of an inmate's need for medical treatment yet refuses to administer it; (2) delays medically necessary treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *Moriarty v. de LaSalle*, No. 12-3013, 2012 WL 5199211 at *5 (D.N.J. Oct. 19, 2012) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Thus, the inquiry is whether the defendant in question displayed an "obduracy and wantonness" that demonstrates a recklessness or a conscious disregard of a serious risk to the prisoner's health and safety. *See Rouse*, 182 F.3d at 197 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986) and *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). Demonstrating mere negligence or even professional malpractice does not on its own amount to deliberate indifference that would sustain an Eighth Amendment claim under § 1983. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

In this case, Plaintiff's factual allegations do not support an Eighth Amendment deliberate indifference claim against Defendant Blessing or the supervisory officials, Lanigan and Warren, for denial of medical care. Plaintiff received medical treatment for his burnt hand the very next day after the injury when it appeared that his hand had swollen. Plaintiff merely contends that Nurse Blessing did not treat his hand the day of the accident because it appeared to be a sunburn. This allegation shows that Plaintiff was simply unsatisfied with this diagnosis. However, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Moreover, even if Nurse Blessing's diagnosis was later proven to be wrong, at most, Plaintiff alleges medical negligence, which is not cognizable under § 1983 Eighth Amendment claims. *See Pierce v. Pitkins*, No. 12-4083, 2013 WL 1397800, *1 (3d Cir. Apr. 8, 2013) ("Allegations of negligent treatment or medical malpractice do not trigger constitutional protections.") (citing *Estelle*, 429 U.S. at 105-06).

Therefore, the Court will dismiss without prejudice Plaintiff's denial of medical care claim asserted against Defendant Blessing and supervisory officials, Commissioner

Lanigan and Administrator Warren, for failure to state a cognizable claim for relief under § 1983.[1]

## V. CONCLUSION

For the reasons set forth above, Plaintiff's claim alleging simple negligence will be dismissed with prejudice, as against all Defendants, for failure to state a cognizable claim under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). Further, Plaintiff's denial of medical care claim will be dismissed without prejudice, as against Defendants Lanigan, Warren and Blessing, for failure to state a claim at this time. An appropriate order follows.

s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

Dated: Sept. 12, 2013

---

[1] This dismissal is without prejudice to Plaintiff filing an amended Complaint to allege facts that conform to the legal standard for Eighth Amendment deliberate indifference liability as set forth in this Opinion. Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases). *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id*.